IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERICK KING, individually and on behalf of TINMAN, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:26-cv-226-K-BN |
| CITY OF DALLAS, ET AL., | § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Erick King, individually and on behalf of TinMan – alleged to be "a mobile automotive service network that provides vehicle maintenance and repair services at public venues" that King operates – filed this *pro se* lawsuit claiming that the City of Dallas and its director and deputy director of parks and recreation, in their official capacities, violated the United States Constitution (specifically the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment), the City's Business Inclusion and Development ("BID") Policy, and Texas law. Dkt. No. 3.

King applied for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4.

And, so, United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant King individually leave to proceed IFP under 28 U.S.C. § 1915 through a separate order.

And, having carefully reviewed the complaint, the undersigned recommends

that the Court dismiss this case for the reasons and to the extent set out below.

## Legal Standards

Section 1915(e)(2) requires that the Court "dismiss the case at any time" if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Under this standard, a *pro se* complaint need not contain detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of

further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

## Analysis

To start, King (who has not shown that he is an attorney licensed to practice in this Court) filed this lawsuit *pro se* individually and on behalf of an entity, TinMan.

A natural person may proceed *pro se*, but an entity may not. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A.,*

*Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982) ("This is so even when the person seeking to represent the corporation is its president and major stockholder." (citation omitted)))); *Joe Hand Promotions, Inc. v. Behind the Fence, LLC*, No. 16-00196, 2016 WL 5416836 (W.D. La. Aug. 22, 2016) ("Under settled interpretations applicable to 28 U.S.C. § 1654, an LLC may not appear pro se or through a non-attorney in federal court.").

So, for present purposes, the undersigned can only consider King's individual claims.

And, if this lawsuit continues in federal court, the Court will require TinMan to either obtain counsel or face dismissal of its claims.

But, for now, the Court lacks jurisdiction to consider any TinMan's claims. So, if this lawsuit is dismissed on screening, TinMan's claims should be dismissed without prejudice. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case. Other courts have dismissed such cases without prejudice, allowing the corporation to re-file after acquiring a lawyer." (collecting cases)).

Focusing next on King's individual claims that a Texas municipality and two of its employees in their official capacities violated provisions of the Constitution, "[m]unicipalities can be held liable for violating a person's constitutional rights under [42 U.S.C.] § 1983." *Sanchez v. Young Cnty., Tex.*, 956 F.3d 785, 791 (5th Cir. 2020)

("*Sanchez II*") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)).

And, as King brings claims against the individual defendants in their official capacities, those claims "essentially merge" with "the claims against the governmental entity." *Harmon v. Dall. Cnty., Tex.*, 927 F.3d 884, 891 (5th Cir. 2019) (cleaned up).

The general pleading standards set out above apply to such claims against a municipality and its employees sued in their official capacities. *See Hutcheson v. Dall. Cnty., Tex.*, 994 F.3d 477, 482 (5th Cir. 2021) ("There is no heightened pleading standard for § 1983 claims against municipalities. To survive a motion to dismiss, the complaint need not contain detailed factual allegations but still must state sufficient facts to establish a plausible claim on its face." (citing *Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018))).

But, because "[a] person may sue a municipality that violates his or her constitutional rights [only] 'under color of any statute, ordinance, regulation, custom, or usage,'" *id.* (quoting Section 1983; citing *Monell*, 436 U.S. at 690), a plaintiff alleging a *Monell* claim "has two burdens: to [plausibly allege] (1) that a constitutional violation occurred and (2) that a municipal policy was the moving force behind the violation," *Sanchez II*, 956 F.3d at 791 (citing *Monell*, 436 U.S. at 694); *see also Cope v. Coleman Cnty.*, No. 23-10414, 2024 WL 3177781, at *3 (5th Cir. June 26, 2024) (per curiam) ("A municipality may be held liable for a constitutional violation 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts

the injury.'" (quoting *Monell*, 436 U.S. at 694)); *Byrum v. City of Mesquite*, 126 F.

App'x 670, 671 (5th Cir. 2005) (per curiam) ("A governmental entity or municipality,

as well as officers thereof acting in their official capacity, can be held liable under §

1983 only if official policy or custom caused the deprivation of a constitutional right."

(citations omitted)).

> To plausibly allege that a policy was the moving force,
>
> a plaintiff must identify "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson*, 994 F.3d at 482.

These elements are "necessary to distinguish individual violations perpetrated

by local government employees from those that can be fairly identified as actions of

the government itself." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001).

And, where a plaintiff's claim fails as to one prong, a court "need not consider

whether [the plaintiff's] claim also fails the other two *Monell* prongs." *Brown*, 985

F.3d at 494 & n.11 (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th

Cir. 2010)).

"Official policy can arise in various forms. It usually exists in the form of

written policy statements, ordinances, or regulations, but may also arise in the form

of a widespread practice that is 'so common and well-settled as to constitute a custom

that fairly represents municipal policy.'" *James v. Harris Cnty.*, 577 F.3d 612, 617

(5th Cir. 2009) (citations omitted).

And, in rare circumstances, "a single decision by a policymaker may … constitute a policy for which a municipality may be liable," where (1) the "decision was made by a final policymaker, and (2) a plainly obvious consequence of the decision is a constitutional violation." *Doe v. Englewood Indep. Sch. Dist.*, 964 F.3d 351, 366 (5th Cir. 2020) (cleaned up); *see also Johnson v. Harris Cnty.*, 83 F.4th 941, 946 (5th Cir. 2023) ("[A]n official policy includes the decisions of a government's law-makers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." (cleaned up)).

"Under the second requirement, a plaintiff must show '[a]ctual or constructive knowledge of [a] custom' that is 'attributable to the governing body of the municipality or to an official to whom that body ha[s] delegated policy-making authority.'" *Allen v. Hays*, 65 F.4th 736, 749 (5th Cir. 2023) (citation omitted).

A plaintiff must then "allege 'moving force' causation by showing first, 'that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Id.* (citation omitted).

As to the causation required, "[t]his connection must be more than a mere 'but for' coupling between cause and effect." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992) (footnote omitted). That is because the "moving force" is the "catalyst" for the injury in question, not merely a "contributing factor." *Johnson v. Cook Cnty.*, 526 F. App'x 692, 695-96 (7th Cir. 2013) (per curiam).

"The ratification theory provides another way of holding a city liable under § 1983" but only "if the policymaker approves a subordinate's decision and the basis for it, as this 'ratification' renders the subordinate's decision a final decision by the policymaker." *Allen*, 65 F.4th at 749 (footnote omitted).

And, regardless the theory of municipal liability, "[t]o proceed beyond the pleading stage, a complaint's 'description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts.'" *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (citation and footnote omitted).

That is because "[t]he causal link 'moving force' requirement and the degree of culpability 'deliberate indifference' requirement must not be diluted, for 'where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability.'" *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018) (en banc) (quoting *Snyder v. Trepagnier*, 142 F.3d 791, 796 (5th Cir. 1998) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 415 (1997))).

The undersigned first notes that the *Monell* liability standards are commonly applied to cases like King's, in which plaintiffs allege that a municipality violated the constitutional guarantees of equal protection and due process. *See, e.g.*, *Pipkins v. Stewart*, 105 F.4th 358, 360-62 (5th Cir. 2024); *Doe v. Beaumont Indep. Sch. Dist.*, 615 F. Supp. 3d 471, 495-98 (E.D. Tex. 2022).

So, starting with *Monell*'s policy prong, King may believe that alleging that the

City violated one of its own policies, such as its BID Policy, satisfies this requirement.

And it's true that "even a single decision by [a properly constituted municipal legislative] body unquestionably constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

So, when the alleged policy is "facially unconstitutional," "it necessarily follows that a constitutional violation will most likely occur," and the "policy's mere existence [also] satisfies the moving-force requirement that is *Monell*'s third element." *Edwards v. Balch Springs, Tex.*, 70 F.4th 302, 308 (5th Cir. 2023) (cleaned up).

But "[a]n official, written policy is 'itself' unconstitutional only if it affirmatively allows or compels unconstitutional conduct." *Id.* at 309 (citing Doe v. United States, 831 F.3d 309, 318 (5th Cir. 2016)).

And, "where an alleged policy is facially innocuous," as opposed to facially unconstitutional, the plaintiff must show "that the policy was implemented with 'deliberate indifference' to the 'known or obvious consequences' that constitutional violations would result." *Covington v. City of Madisonville, Tex.*, 812 F. App'x 219, 225 (5th Cir. 2020) (per curiam).

King has not alleged facts from which the Court may infer that the BID Policy itself (or any other official written policy of the City of Dallas) compels unconstitutional conduct.

Nor has King alleged facts that raise the reasonable inference that a facially innocuous City policy has been implemented with deliberate indifference – which "is a stringent standard of fault, requiring proof that a municipal actor disregarded a

known or obvious consequence of his action." *Brown*, 520 U.S. at 410; *cf. Convington*, 812 F. App'x at 225 ("Establishing deliberate indifference generally requires a 'pattern of similar violations' arising from a policy 'so clearly inadequate as to be obviously likely to result in a constitutional violation.'" (cleaned up; quoting *Burge v. St. Tammany Par.*, 336 F.3d 363, 370 (5th Cir. 2003)); *Alvarez*, 904 F.3d at 390 (similar).

Absent an official written policy, *Monell*'s policy prong may still be plausibly pleaded based on an unwritten practice or custom.

But a municipality "cannot be liable for an unwritten custom unless '[a]ctual or constructive knowledge of such custom' is attributable to [its] policymaker." *Peña*, 879 F.3d at 623 (quoting *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017)); *see also Robinson v. Midland Cnty., Tex.*, 80 F.4th 704, 711 (5th Cir. 2023) ("[P]laintiffs' theory hinges entirely on the idea that if enough individuals do something, it becomes the fault of the policymaker. [But, w]ithout a showing of knowledge and acquiescence, such a theory is no more than vicarious liability and cannot survive a motion to dismiss." (citation omitted)).

"To establish a custom, a plaintiff must demonstrate (and, at the pleading stage, must plausibly plead) 'a pattern of abuses that transcends the error made in a single case.'" *Pinedo*, 2015 WL 5021393, at *5 (quoting *Piotrowski*, 237 F.3d at 582).

And a pattern requires "sufficiently numerous incidents," as opposed to "isolated instances." *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989) (cleaned up).

Which is why allegations "limited to the events surrounding the plaintiff" – the scope of the allegations pleaded by King – cannot constitute "an allegation of a *de facto* policy … by [a municipality]," *Culbertson v. Lykos*, 790 F.3d 608, 629 (5th Cir. 2015); *accord Hutcheson*, 994 F.3d at 482, as such allegations do "not plausibly allege *any* pattern of conduct – much less a pattern of similar violations," *Johnson*, 83 F.4th at 947 (emphasis in original).

> [Instead, a] plaintiff can establish a policy by pointing to similar incidents that are sufficiently numerous and have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. That knowledge, coupled with a failure to act, can show the existence of a municipal policy.

*Robinson*, 80 F.4th at 710 (cleaned up); *accord Webb v. Twn. of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019) ("While municipalities can be sued directly under § 1983, *Monell* establishes that they cannot be found liable on a theory of vicarious liability or respondeat superior" – and, so, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." (cleaned up)).

In sum, King has not plausibly pleaded that the defendants are liable for the alleged constitutional wrongs that provide for the Court's subject matter jurisdiction over this lawsuit. *See* 28 U.S.C. § 1331.

And, if the Court agrees that these claims should be dismissed, there will no longer be an "independent basis of subject matter jurisdiction" to allow for supplemental jurisdiction under 28 U.S.C. § 1367 for the remaining state law counts.

*Atkins v. Propst*, No. 22-10609, 2023 WL 2658852, at *2 (5th Cir. Mar. 28, 2023) (per curiam) (citing *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214 (5th Cir. 2012)).

And, under these circumstances, a balance of the applicable factors favors relinquishing jurisdiction over the remaining state law claims at this initial stage, so the Court should decline to exercise supplemental jurisdiction over the alleged violations of Texas law. *See* 28 U.S.C. § 1367(c); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

The Court should therefore dismiss King's individual claims under Section 1915(e) for failure to state a claim on which relief may be granted, dismissing the federal law claims with prejudice and the state law claims without prejudice.

But the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows King an opportunity to show that this case should not be so dismissed and that the Court should instead grant leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

### Recommendation

Unless Plaintiff Erick King shows through timely objections a basis to amend the complaint to allege a plausible claim under federal law, the Court should dismiss

King's individual claims under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted to the extent that it should dismiss his claims arising under federal law with prejudice and relinquish jurisdiction over his remaining state law claims, dismissing those claims without prejudice.

And the Court should dismiss any claims by TinMan, an entity currently proceeding *pro se*, without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 5, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE